shareholders to enforce these duties in a direct action, even though the direct beneficiary of such an action is the fund itself.

74. By permitting, condoning and not disclosing the fact that shares of Putnam Funds were being market timed by senior Putnam portfolio managers, and that favored clients were being allowed to time many of these funds systematically, Putnam breached its fiduciary duties with respect to the receipt of compensation for services to Plaintiffs' Funds and in contravention of the ICA § 36(b), 15 U.S.C. §§ 80a-35(b).

## COUNT II

### (Violation of § 20(a))

75. Plaintiffs incorporate by reference paragraphs 1-69.

76. Although this cause of action is brought for the benefit of the Plaintiffs' Funds, plaintiffs Kenneth Yameen, James W. Yameen, Craig J. McLaughlin, Debora J. McLauglin and Lorraine Blacker also bring this cause of action directly, as shareholders, under § 20(a) of the ICA, 15 U.S.C. § 80(a)-20(a).

77. Section 20(a) of the ICA requires that all proxy statements issued must comply with the proxy rules issued by the Securities and Exchange Commission. SEC Rules prohibit misstatements of material facts and failures to disclose facts that render misleading the information that was actually disclosed.

78. Section 15(a) of the ICA, 15 U.S.C. § 80(a)-15(a), requires that all investment advisory contracts contain a precise description of all compensation to be paid thereunder and must be approved, initially, by a majority of fund shareholders, and that extensions of such contracts must be approved either

by the directors or by the shareholders.

79. Putnam sought approval of the investment advisory contracts for the Putnam Global Equity Fund, Putnam New International Opportunities Fund, Putnam Growth Opportunities Fund and Putnam International Voyager Fund from the shareholders of the those funds by issuing proxy statements to shareholders of those funds in December 2000. Those proxy statements failed to disclose the rampant, systematic market timing transactions that were taking place within the Putnam Funds. Those market timing transactions served as additional compensation for Putnam which was not disclosed in the contracts or the proxy statements. By soliciting approval through false and misleading proxy statements Putnam violated SEC rules and § 20(a) of the ICA.

WHEREFORE, plaintiffs prays for judgment as follows:

    A. Rescinding and/or voiding the management contracts;

    B. Returning the management fees paid by the Plaintiffs' Funds to Putnam;

    C. Awarding damages for violating sections 15(a) and 20(a) of the ICA.

    D. Awarding plaintiffs their costs and expenses for this litigation, including reasonable attorneys' fees and other disbursements; and

    E. Awarding plaintiffs such other and further relief as may be deemed just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: Boston, Massachusetts
November 12, 2003

Respectfully submitted,

*[signature]*

Alan L. Kovacs
BBO # 278240
**LAW OFFICE OF ALAN L. KOVACS**
2001 Beacon Street
Suite 106
Boston, MA 02135
T: (617) 964-1177
F: (617) 332-1223

Stanley M. Grossman
Marc I. Gross
H. Adam Prussin
Ronen Sarraf
**POMERANTZ HAUDEK BLOCK
 GROSSMAN & GROSS LLP**
100 Park Avenue, 26th Floor
New York, New York 10017
T: (212) 661-1100
F: (212) 661-8665

Richard J. Vita
**LAW OFFICES OF RICHARD J. VITA, P.C.**
BBO # 510260
77 Franklin Street, Suite 300
Boston, Massachusetts 02110
T: (617) 426-6566
F: (617) 357-1612

*Attorneys for Plaintiffs*